SEP 30 2009
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
CASO INC.,

Plaintiff(s),

-against-

JETRO CASH AND CARRY ENTERPRISES, LLC,

Defendant(s).
--------------------------------------------------------------------X

**Case No.:** 09 4214

**COMPLAINT**

GERSHON, J
MANN. M.J.

**COMPLAINT**

Plaintiff, by and through its attorneys, the Law Offices of Linden E. Thomas, complaining of the defendant(s) herein, respectfully alleges the following:

**PARTIES**

1. At all times mentioned herein, plaintiff CASO, Inc., ("CASO") was, and is, a foreign corporation, organized pursuant to the laws of the State of Delaware, with its principal place of business within the City of San Antonio, State of Texas.

2. Upon information and belief, at all times mentioned herein, Jetro Cash and Carry Enterprises, LLC, was, and is, ("JCC"), was, and is, a limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business located within the City of College Point, County of Queens, State of New York.

**JURISDICTION, VENUE AND CHOICE OF LAW**

3. As demonstrated herein, pursuant to 28 U.S.C. §1332, the honorable court may properly exercise jurisdiction respecting the claims in this action because the sum and/or value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. As demonstrated herein, pursuant to 28 U.S.C. §1391(a)(1)(2) and (3), venue of this case before this honorable court is proper in that the sole defendant in this case maintains its principal place of business in the County of Queens, New York; a substantial part of the acts and/or omissions giving rise to the claims herein occurred in the County of Queens, New York, and upon information and belief, the property sought in this action is located in the County of Queens, New York; and/or the defendant is subject to personal jurisdiction under the laws of the State of New York in the County of Queens, New York.

5. Inasmuch as this case is before the honorable court by virtue of diversity of the parties' citizenship, and upon application of New York's choice of law rules, the substantive laws of the State of New York should be applied to this case.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6. Since approximately 1994 CASO has provided document management software, as well as document management, document scanning, document microfilming, document hosting and workflow-solution services to the general business community.

7. JCC is a wholesale grocer, which services grocery retailers through one or more of its store locations throughout the United States. Upon information and belief, JCC maintained approximately 64 store locations and/or branches on or about March 11, 2008.

8. On or about March 11, 2008 JCC contracted with CASO, for CASO to implement a workflow-solution to enhance JCC's management of documents related to the processing of JCC's invoices to its clients (hereinafter "3/11/08 agreement"). A copy of the 3/11/08 agreement is annexed hereto as Exhibit A.

9. Pursuant to the 3/11/08 agreement it was agreed that CASO's would provide the specific services listed in the agreement under "Professional Services," and that CASO would

provide a "workflow module," for the total sum of $60,200.00 ($35,600.00 and $24,600.00 respectively).

10. Pursuant to the 3/11/08 agreement, it was agreed that services provided by CASO beyond those specifically listed under "Professional Services" would be billed at the rate of "$1,400.00 day for IT work"; "$1,000 a day Training"; and "$600.00 a day eForms Building."

11. In or about April, 2008 CASO began providing services for JCC.

12. Almost from the beginning of CASO's performance of services for JCC, JCC demanded that CASO provide services and/or products that were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement.

13. JCC accepted the aforementioned services and/or products from CASO and continued to do so until approximately April, 2009.

14. JCC benefited from CASO's provision of the aforementioned services and/or products.

15. Despite CASO's demand for payment, JCC has failed and/or refused to pay CASO for the services and/or products that were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement. The principal sum of $239,456.94 remains due and owing to CASO for such services and/or products.

16. JCC has failed and refused to pay CASO for the services and/or products that were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement even though JCC specifically demanded that CASO provide such services and/or products.

17. Further, despite CASO's demand for payment, JCC has failed and/or refused to pay JCC for the services and/or products listed under "Professional Services" and "Workflow

Module" in the 3/11/08 agreement. The principal sum of $23,722.81 remains due and owing to CASO for such services and/or products.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FOR BREACH OF CONTRACT AGAINST JCC**

18. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "17" of this complaint as if each allegation was set forth fully at length herein.

19. The 3/11/08 agreement constitutes a valid and binding agreement between CASO and JCC.

20. Pursuant to the 3/11/08 agreement, the parties agreed that JCC would pay CASO for any and all services and products provided by CASO that were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement, at the rate of "$1,400.00 day for IT work"; "$1,000 a day Training"; and "$600.00 a day eForms Building."

21. Pursuant to JCC's requests and/or demands, and pursuant to the 3/11/08 agreement, CASO performed a substantial number of services and/or provided products to JCC that were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement.

22. Under the terms of the 3/11/08 agreement, the total sum of $239,456.94 remains due and owing to CASO for its provision of services and/or products to JCC in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement.

23. Despite CASO's demand for payment, JCC has failed and/or refused to pay CASO for such services or products. JCC's failure to pay for such services or products constitutes a breach of the 3/11/08 agreement.

24. As a result of JCC's breach of the 3/11/08 agreement, as referred to in this cause of action, CASO has been damaged in an amount to be determined at trial but presently believed to be $239,456.94, plus interest from the date on which such services and/or products were provided.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR QUANTUM MERUIT AGAINST JCC**

25. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "24" of this complaint as if each allegation was set forth fully at length herein.

26. At the request of JCC, CASO, in good faith, performed services and provided products, which were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement.

27. Between approximately April 2008 and April 2009, JCC demanded and accepted services and products from CASO that were in excess of and/or outside of the scope of the "Professional Services referred to in the 3/11/08 agreement.

28. CASO provided those services and products with the expectation that JCC would compensate CASO for the reasonable value of those services and products, which reasonable value had been agreed upon in the 3/11/08 agreement.

29. In addition, JCC expected that in the event that CASO provided it services and/or products that were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement, JCC would be required to compensate CASO for the reasonable value of those services and products, which reasonable value had been agreed upon in the 3/11/08 agreement.

30. In fact, those services and/or products were billed to JCC at their agreed-upon reasonable value as provided in the 3/11/08 agreement.

31. Despite CASO's demand for payment JCC has failed to pay CASO for such services or products, and the total sum of $239,456.94 remains due and owing to CASO for such services and/or products in *quantum meruit*.

32. As a result of the actions and omissions referred to in this cause of action, CASO has been damaged in the amount to be determined at trial, but presently believed to be $239,456.94, plus interest from the date on which such services and/or products were provided, all together in *quantum meruit*.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR UNJUST ENRICHMENT AGAINST JCC**

33. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "32" of this complaint as if each allegation was set forth fully at length herein.

34. Between approximately April 2008 and April 2009 JCC demanded, and CASO provided, services and products to JCC that were in excess of and/or outside of the scope of the "Professional Services" referred to in the 3/11/08 agreement. CASO performed those services and provided those benefits for JCC's exclusive benefit.

35. Between approximately April 2008 and April 2009 JCC made use of those services and/or products, and upon information and belief, JCC continues to use those services and/or products for its exclusive benefit.

36. JCC has excluded and prevented CASO from receiving the benefit of its provision of those services and/or products by failing and/or refusing to pay CASO for such services or products.

37. It is, and will continue to be, inequitable for JCC to retain the value of the services and/or products provided by CASO without compensating CASOs for the reasonable value of such services and/or products.

38. JCC has been, is, and upon information and belief, continues to be unjustly enriched by its acceptance of and use of the services and/or products from CASO in an amount to be determined at trial, plus interest from the date on which such services and/or products were provided.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST JCC**

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "38" of this complaint as if each allegation was set forth fully at length herein.

40. The 3/11/08 agreement constitutes a valid and binding agreement between CASO and JCC.

41. Pursuant to the 3/11/08 agreement, the parties agreed that JCC would pay CASO the sum of $60,200.00 for those services and products listed in the 3/11/08 agreement as "Professional Services" and "Workflow Module".

42. CASO duly performed those services and provided those products listed in the 3/11/08 agreement as "Professional Services" or "Workflow Module".

43. Despite CASO's demand for payment, $23,722.81 of the agreed-upon sum of $60,200.00 remains due and owing to CASO from JCC for CASO's provision of the aforementioned services and products.

44. JCC's failure and/or refusal to pay CASO for its provisions of those services and products constitutes a breach of the 3/11/08 agreement.

45. As a result of JCC's breach of the 3/11/08 agreement, as referred to in this cause of action, CASO has been damaged in the amount to be determined at trial, but presently believed to be $23,722.81, plus interest from the date on which such services and/or products were provided.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**FOR QUANTUM MERUIT AGAINST JCC**

46. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "45" of this complaint as if each allegation was set forth fully at length herein.

47. At the request of JCC, as indicated in the 3/11/087 agreement, CASO, in good faith, performed those services and provided those products listed in the 3/11/08 agreement as "Professional Services" and "Workflow Module".

48. CASO provided those services and products with the expectation that JCC would compensate CASO for the reasonable value of those services and products, which reasonable value had been agreed upon in the 3/11/08 agreement.

49. Those services and/or products were billed to JCC at their agreed-upon, reasonable value.

50. Despite CASO's demand for payment, $23,722.81 of the agreed-upon sum of $60,200.00 remains due and owing to CASO from JCC for CASO's provision of the aforementioned services and products.

51. As a result of the actions and omissions referred to in this cause of action, CASO has been damaged in the amount to be determined at trial, but presently believed to be $23,722.81, plus interest from the date on which such services and/or products were provided, all together in *quantum meruit*.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**FOR UNJUST ENRICHMENT AGAINST JCC**

52. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "51" of this complaint as if each allegation was set forth fully at length herein.

53. At JCC's request and pursuant to the 3/11/08 agreement, CASO duly performed those services and provided those products referred to in the 3/11/08 agreement as "Professional Services" and "Workflow Module".

54. Between approximately April 2008 and April 2009 JCC made use of those services and/or products, and upon information and belief, JCC continues to use those services and/or products for its exclusive benefit.

55. JCC has excluded and prevented CASO from receiving the benefit of its provision of those services and/or products by failing and/or refusing to pay CASO for such services or products.

56. It is, and will continue to be, inequitable for defendant to retain the value of the services and/or products provided by CASO without compensating CASOs for the reasonable value of such services and/or products.

57. JCC has been, is, and upon information and belief, continues to be unjustly enriched by its acceptance of and use of those services and/or products from CASO in an amount to be determined at trial, plus interest from the date of JCC's use of such services and/or products.

WHEREFORE, plaintiff demands judgment as follows:

1) On the first cause of action: granting plaintiff a monetary judgment against the defendant in an amount to be determined at trial, but no less than

$239,456.94, plus interest from the date on which the subject services and/or products were provided;

2) On the second cause of action: granting plaintiff a monetary judgment against the defendant in an amount to be determined at trial, but no less than $239,456.94, plus interest from the date on which the subject services and/or products were provided;

3) On the third cause of action: granting plaintiff a monetary judgment against the defendant in an amount to be determined at trial, plus interest from the date on which the subject services and/or products were provided;

4) On the fourth cause of action: granting plaintiff a monetary judgment against the defendant in an amount to be determined at trial, but no less than $23,722.81, plus interest from the date on which the subject services and/or products were provided;

5) On the fifth cause of action: granting plaintiff a monetary judgment against the defendant in an amount to be determined at trial, but no less than $23,722.81, plus interest from the date on which the subject services and/or products were provided;

6) On the sixth cause of action: granting plaintiff a monetary judgment against the defendant in an amount to be determined at trial, plus interest from the date on which the subject services and/or products were provided;

7) All together with the costs disbursements of this action and such other and further relief as to the court may seem just and proper.

Dated: New York, New York
September 28, 2009

Law Office of Linden E. Thomas

By: ____________________

Linden E. Thomas (LT9974)
Attorney for plaintiff
CASO, Inc.
100 Church Street, Suite 824
New York, New York 10007
(646) 845-7451 – Ph.
(212) 656-1415 – Fax.
lt@lindenthomaslaw.com